```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
```
In the matter of the Application of
WILLIAM J. O'REILLY,

                Petitioner                              **MEMORANDUM AND ORDER**
                                                                                21-CV-4466 (GRB)

For an Order Pursuant to Sections 7502(c) and
6301 of the Civil Practice Law and Rules for a
Temporary Restraining Order and
Preliminary Injunction in Aid of Arbitration,

        -against-

ANDREA MACKRIS,

                Respondent.
```
----------------------------------------------------------------X
```

**GARY R. BROWN, United States District Judge:**

      Generally, it takes months or even years before one can describe a case's procedural history as tangled or Byzantine. In this case, it happened in days.

      Presently pending before the Court is plaintiff's application to, once again, remand this twice-removed action to the New York State Supreme Court. Docket Entry ("DE") 12. That motion is GRANTED.

**I.     Procedural History**

      Petitioner William O'Reilly ("plaintiff") filed a petition in the New York State Supreme Court, Nassau County, on July 16, 2021. DE 1 ¶ 2, Ex. 1. In that petition, plaintiff states as follows: The parties settled two "highly contentious, well-publicized" civil actions which "had generated a great deal of media attention" for "millions of dollars" in October 2004. DE 1-2 ¶¶ 1-3. Unsurprisingly, that settlement included a non-disclosure agreement, and after the settlement, the

1

parties issued a statement that "there had been no wrongdoing" in the matter. *Id.* ¶¶ 3-4. An earlier effort to avoid that confidentiality agreement occurred in 2017, when respondent Andrea Mackris ("defendant") joined a defamation action in the United States District Court for the Southern District of New York, which was dismissed by an order directing defendant to seek relief in a confidential arbitration proceeding. *Id.* ¶ 5. On July 13, 2021, *The Daily Beast*, an internet media outlet, published an interview with defendant, which included a subtitle noting "why she doesn't care if telling all means blowing up her NDA." *Id.* ¶¶ 1, 6. Based on those allegations, the petition sought an order directing defendant to comply with the terms of the settlement agreement pending the resolution of arbitration, as provided in that agreement. *Id.* at p. 8.

Importantly, the settlement agreement contains a paragraph that provides in relevant part as follows:

> Any action arising out of or relating to this Agreement must only be brought and prosecuted before an arbitration panel in New York. . . . All parties agree that any such arbitration proceedings will be held in strict confidence and that any filings, [m]aterials, evidence or testimony in or concerning such arbitration and any opinion in such proceedings shall be and shall remain confidential. . . . *If any recourse to the courts must be had in connection with the arbitration, all parties agree that such action will be brought only in the Supreme Court of the State of New York or the United States District Court for the Southern District of New York*, and consent to the jurisdiction and venue of thereof, and agree that they will seek the filing under seal of all papers filed in such action, and consent thereto, and will not undertake to publicize the action in any way.

DE 13-6 ¶ 9(a) (emphasis added).

In conjunction with filing the petition, plaintiff sought a preliminary injunction in aid of arbitration pursuant to N.Y.C.P.L.R. §§ 7502(c) and 6301 in the Supreme Court of the State of New York, Nassau County. DE 1-5; 13-1. The court entered a temporary restraining order ("TRO") on July 20, 2021 enjoining respondent from further violations of the settlement agreement pending a hearing on the motion, and set a hearing date for July 26, 2021, which was

rescheduled at defendant's request to August 16. DE 1-5; 13-1. However, that matter came to a grinding halt when defendant filed a notice removing the case to the Southern District of New York dated July 27. DE 13-1. In that notice, counsel for defendant posited the unusual, though incorrect, argument that venue was proper in that district because "although cases are ordinarily removed to the United States District Court that sit in the District in which the underlying case resides, in this case the parties have expressly agreed to the jurisdiction of the United States District Court for the Southern District of New York." *Id.*

The Southern District of New York judge assigned to the removal action, Judge Buchwald, was unimpressed. In an order dated July 30, 2021, she noted that "the removal was in violation of 28 U.S.C. § 1441(a), as the defendant herself acknowledged in her Notice of Removal." DE 13-2. Judge Buchwald therefore ordered the matter remanded to the state court. *Id.* Defendant argues that she "consented" to remand, but this seemed to have had little effect upon the outcome.[1]

Unabashed, on August 9, counsel for defendant proceeded to remove the matter again, this time to this Court. DE-1. The next day, plaintiff moved by proposed Order to Show Cause to remand this matter to state court. DE 12-14. The Eastern District of New York judge then assigned to the case ordered a response by August 18. Electronic Order dated August 11, 2021. One day thereafter, defendant filed a proposed Order to Show Cause seeking to dissolve the TRO imposed by the state court, contending principally that "the TRO constitutes an unconstitutional and impermissible prior restraint on speech." DE 16 ¶ 31. In further support of this effort, defendant filed a declaration in which she reiterated much of the same material provided to *The Daily Beast*. DE 17. No request had been made of the Court to file this material under seal.[2]

---

[1] Defendant's argument that "Judge Buchwald never made any determination on the underlying propriety of removal," DE 19 ¶ 8, is simply disingenuous. Defendant, plain and simple, got it wrong. *See* DE 13-4.
[2] Whether defendant's public filing of this declaration represents either a violation of the agreement or, more significantly, the pending TRO, are questions respectfully referred to the arbitration panel and the state court.

3

Confronted with this surreal record, upon reassignment, the undersigned issued the following Show Cause order to defendant:

> Less two weeks after facing remand to the Nassau County Supreme Court for improperly attempting to remove this case to the SDNY, defendant has again removed this matter to this Court. In the space of two days, the following transpired: defendant removed the case to the EDNY, which was initially assigned to Judge Block, plaintiff moved to remand the case to the Nassau County Supreme Court, Judge Block ordered a response to that motion by August 18, defendant moved via proposed order to show cause to dissolve a pending temporary restraining order (with such a motion returnable before the state court on August 16), and this case was reassigned to the undersigned. Upon review, given the strength of the showing by plaintiff on its motion to remand -- which includes both the procedural irregularities surrounding the removal and the forum selection clause -- as well as the seeming urgency surrounding these matters, the defendant shall show cause, if any it has, as to why this matter should not be remanded to the state court, or indicate that it has no objection to remand, on or before close of business 8/13/21.

Electronic Order dated August 12, 2021. Defendant responded the next day.

## II. Discussion

### *Standard of Review*

"In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Purdue Pharma L.P. v. Kentucky,* 704 F.3d 208, 213 (2d Cir. 2013) (citation omitted). As this Court recently observed:

> The exercise of jurisdiction by district courts over cases removed from state court is subject to a panoply of substantive and procedural requirements. Procedurally, removal is subject to various timing requirements: on the front end, the notice of removal must be filed in federal court "within 30 days after the receipt by the defendant ... of a copy of the initial pleading," or if a pleading is not required to be served, "within 30 days after the service of summons upon the defendant," subject to the limitation that if the initial pleading does not indicate the case is removable, a notice of removal may be filed within thirty days after receipt of some paper "from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). Cases removed on the basis of diversity jurisdiction "may not be removed ... more than 1 year after commencement of the action," unless the plaintiff has acted in bad faith in order to prevent removal. *Id*. §

4

1446(c). The defendant must then "[p]romptly" provide written notice of the removal to all adverse parties and file a copy of such notice on the state court docket. *Id.* § 1446(d). Furthermore, cases otherwise removable on the basis of diversity jurisdiction "may not be removed" if any properly joined defendant "is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

Defendants seeking to remove a state court action are also subject to certain affirmative obligations. Specifically, a defendant pursuing removal must be joined by, or obtain the consent of, all other defendants "who have been properly joined and served" within the 30-day period set out above. 28 U.S.C. § 1446(b)(2); see *Amparo v. City of Yonkers,* 2021 WL 2313468, at *1 (S.D.N.Y. 2021) ("If fewer than all defendants sign the notice of removal, the strict unanimity rule permits removal only if 'all defendants consent to removal within the statutory thirty-day period.'") Furthermore, a removing defendant must affirmatively set forth "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). "Where the notice fails to state a proper basis for removal, a defendant generally will not be permitted to amend the notice after the close of the thirty day removal period." *Whitaker v. Am. Telecasting, Inc.,* 261 F.3d 196, 205 (2d Cir. 2001) (citing *Lupo v. Human Affairs Int'l Inc.,* 28 F.3d 269, 274 (2d Cir. 1994)). "[T]he party who seeks the exercise of jurisdiction in his favor ... must allege in his pleading the facts essential to show jurisdiction. If he fails to make the necessary allegations he has no standing." *Lupo*, 28 F.3d at 273 (citation omitted).

*Margaritis v. Mayo*, 2021 WL 3472695, at *5 (E.D.N.Y. 2021).

### *Permissibility of a Successive Petition for Removal*

Citing several district court opinions largely from other districts,[3] DE 14 at 5-8, plaintiff contends that a party may not file a second removal petition following remand absent "cogent and compelling reasons" or "extraordinary circumstances" that would warrant revisiting the initial determination. *Bank of Am. v. Pastorelli-Cuseo,* 2017 WL 4678184, at *3 (D. Conn. 2017) (collecting cases). This principle emanates from the doctrine of law of the case. *Id.* In this particular case, the law of the case analysis seems less compelling as to the rationale for the remand, to wit: plaintiff's abject failure to comply with the 28 U.S.C. § 1446(a) which requires that the removing party "shall file in the district court of the United States for the district and

---

[3] Plaintiff's failure to cite binding Second Circuit caselaw is understandable as remand orders, with narrow exceptions inapplicable here, are not subject to appellate review. 28 U.S.C. §1447(d).

division within which such action is pending." Clearly, this provision would not bar removal to this Court, such that the question before the undersigned is different from that presented to Judge Buchwald.

The notion that a second petition requires changed circumstances draws support from 28 U.S.C. § 1447(d), which provides that "an order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." Here, plaintiff argues that reconsideration of the question of removal would constitute a review of Judge Buchwald's decision. DE 14 at 7-8. Because the legal issue is different, though, this provision may not resolve the question.

One other line of reasoning is applicable here. Several courts have rejected successive removal petitions when counsel, through its error, is responsible for the initial remand. As one court observed:

> The rule barring successive removal is strict. Even when the first remand was due to a procedural error on the part of the defendant, the defendant must jump the hurdles for successive removal. *See Barahona*, 2008 WL 4724054, at *2 (denying defendant a second chance to plead diversity jurisdiction when defendant's first notice of removal failed because it alleged only the residence, not the citizenship, of a plaintiff); *Nichols v. HealthSouth Corp.*, No. 2:12–cv–4073–SLB, 2013 WL 5442064, at *5 (N.D. Ala. Sept. 27, 2013) (prohibiting successive removal, when remand after first removal was due to defendant's failure to include required state court documents with Notice of Removal).

*Waters v. Kohl's Dep't Stores, Inc.*, 2018 WL 1664968, at *5 (C.D. Cal. Apr. 4, 2018)

Clearly, that is the case here, where counsel baselessly attempted to remove the case to the Southern District of New York. Thus, if not dispositive, the fact that this is a second petition for removal raises the already high bar.

### *The Forum Selection Clause*

Plaintiff's second argument turns on the forum selection clause. Plaintiff has submitted numerous authorities suggesting that a forum selection clause can trump a party's interest in

removal. DE 14 at 8-14; *see, e.g., Yakin v. Tyler Hill Corp.*, 566 F.3d 72, 76 (2d Cir. 2009) ("Parties are free to bind themselves to forum selection clauses that trump what would otherwise be a right to remove cases to federal courts."). Most of these cases, though, involve forum selection clauses limited to the state courts, and thus the finding that by so agreeing the party waived the right to removal is somewhat less applicable here. Neither the memoranda by the parties, nor the Court's independent research has turned up the precise factual situation presented: an attempted removal to a federal district court where the parties have agreed to both the state courts and a *different* district court.

Perhaps the question answers itself: by agreeing to either any New York State court or the Southern District of New York, it seems that defendant has acquiesced to the precise scenario that occurred: plaintiff (or for that matter, defendant) simply needed to file in a state court outside the territorial boundaries of the Southern District of New York to foreclose the possibility of removal, as it is barred under 28 U.S.C. §§1441 and 1446. Said another way, like the parties in *Yakin*, defendant has waived her right to removal in these circumstances. Certainly, the parties to this action proved themselves capable of making their intentions clear, so this seems to have been one such intention.

Defendant's response to the forum selection clause argument proves most telling. First, counsel attempts to argue that the forum selection clause language is permissive or at least ambiguous. Somehow, though, the provision that "*all parties agree that such action will be brought only in the Supreme Court of the State of New York or the United States District Court for the Southern District of New York*" seems clear: this case has no place before this Court. But another argument raised by counsel is even more curious:

> Here, Defendant has *now* removed this action to the correct federal court and while
> she believes it should remain in the EDNY—and Plaintiff has not made a motion

7

> to transfer venue—*if the EDNY is not the appropriate forum that is not a jurisdictional defect requiring remand. Rather it is an issue of venue that can be resolved by a transfer to the SDNY.*

DE 20 at 25 (emphasis added). Therefore, one potential outcome of these continued machinations, in the view of defendant's counsel, is yet another effort to transfer this matter back to the Southern District of New York. This is entirely unacceptable.[4]

### *Judicial Economy*

Another consideration is the effect that legal maneuvers have had on the affected courts (and, by extension, the public), as well as the costs and delays imposed on the parties. Through its mishandling, defense counsel has unnecessarily multiplied this proceeding in a manner that is particularly unacceptable in the context of removal. As one appellate court held:

> Removal in diversity cases, to the prejudice of state court jurisdiction, is a privilege to be strictly construed, *cf. Shamrock Oil & Gas Corp. v. Sheets*, 1941, 313 U.S. 100, 108-109, 61 S.Ct. 868, 85 L.Ed. 1214, and the state court proceedings are to be interfered with once, at most. This is not only in the interest of judicial economy, but out of respect for the state court and in recognition of principles of comity. The action must not ricochet back and forth depending upon the most recent determination of a federal court.

*In re La Providencia Dev. Corp.,* 406 F.2d 251, 252 (1st Cir. 1969). In that case, the First Circuit granted a writ of mandamus to prevent a district court from revoking its remand, which was unquestionably wrongly decided. *La Providencia* held that the disruption and insult to principles of comity outweighed the district court's desire to correct its own mistake. *See id.* at 253 ("The district court has one shot, right or wrong."). These principles are particularly applicable to the

---

[4] The Court is prohibited from issuing advisory opinions. However, it is safe to assume that whatever transfer motion counsel may be envisioning, it is far from a *fait accompli*. *See, e.g. Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 66 n.8 (2013) (holding that where a party "has violated a contractual obligation by filing suit in a forum other than the one specified in a valid forum-selection clause . . . dismissal would work no injustice" as to that party); *PT United Can Co. v. Crown Cork & Seal Co.*, 138 F.3d 65, 72 (2d Cir. 1998) ("The law on post-removal venue challenges involves two related questions with opposite answers, lending some confusion to the issue.").

instant case, in which responsibility for the instant legal merry-go-round rests with the defendant, and the urgency with which these matters need to be addressed requires swift action.

Finally, denying plaintiff's application for remand would also serve to condone the casual disregard of the rules, if not outright skullduggery,[5] that defense counsel has injected into this proceeding. Based on all of these considerations, the motion to remand is GRANTED, and the case will be closed.

**SO ORDERED.**

Dated: August 18, 2021
        Central Islip, New York

                                   /s/Gary R. Brown
                                   HON. GARY R. BROWN
                                   UNITED STATES DISTRICT JUDGE

---

[5] Defendant has further undermined her argument through her actions in this Court: as noted, assuming that the public filing of defendant's affidavit was done in further violation of the settlement agreement, defendant has attempted to turn the procedural netherworld into which she dragged this suit to her advantage.